**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| RONALD BOONE; et al., | No. 11-55705 |
| Plaintiffs - Appellants, | D.C. No. 2:09-cv-01894-GW-CW |
| v. | |
| CITY OF LOS ANGELES, a Public Entity; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted June 6, 2013[**]
Pasadena, California

Before: GOULD, N.R. SMITH, and NGUYEN, Circuit Judges.

The Boones challenge (1) the district court's decision to bifurcate the trial of their claims into a liability phase and a damages phase, and (2) the district court's denial of their motion for a new trial. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1.  "The district court's determination on bifurcation of trials is reviewed for abuse of discretion." *Counts v. Burlington N. R.R.*, 952 F.2d 1136, 1139 (9th Cir. 1991).  Rule 42(b) authorizes district courts to bifurcate a trial for any one of the following reasons: (1) "convenience," (2) "to avoid prejudice," or (3) "to expedite and economize."  Fed. R. Civ. P. 42(b).  The Boones do not argue that the district court bifurcated the trial for a reason Rule 42(b) does not authorize.  Therefore, we cannot find that the district court abused its discretion.

The Boones instead argue that bifurcating the trial precluded them from calling the coroner as a witness during the trial's liability phase.  However, they cite no authority for the proposition that their inability to call a witness during a certain trial phase makes the district court's decision to bifurcate the trial an abuse of discretion.  Moreover, the record does not reflect that the Boones offered the coroner's testimony during the liability phase of the trial.  Therefore, they cannot challenge its exclusion on appeal.  *See United States v. Hayat*, 710 F.3d 875, 894 (9th Cir. 2013) ("[A]n offer of proof is a prerequisite to challenging excluded evidence . . . .").

2.  The district court properly denied the Boones' motion for a new trial after "balanc[ing] and weigh[ing] the evidence based on the proper legal standard[]."  *Desrosiers v. Flight Int'l of Fla. Inc.*, 156 F.3d 952, 957 (9th Cir. 1998) (quoting

*Pulla v. Amoco Oil Co.*, 72 F.3d 648, 656 (8th Cir. 1995)). Therefore, the Boones' challenge to that decision fails, because they cannot show that there was "an *absolute absence of evidence* to support the jury's verdict." *Id.* (quoting *Pulla*, 72 F.3d at 657).

**AFFIRMED.**